UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| DAVID MICHAEL SCOGGINS, II,<br><br>　Petitioner,<br><br>v.<br><br>WARDEN AT USP MCCREARY,<br><br>　Respondent. | Civil Action No. 6: 24-CV-135-CHB<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

　　David Michael Scoggins, II is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Scoggins recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons ("BOP") has improperly failed to award him certain time credits he has earned pursuant to the First Step Act and thus is miscalculating his release date. [R. 1]. The Court has conducted an initial screening of Scoggins's petition pursuant to 28 U.S.C. § 2243 and will deny his request for relief at this time because he has not yet fully exhausted his administrative remedies.

　　Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a BP-8 Form, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. If a prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel in Washington,

D.C., who has 40 days to respond. *See* 28 C.F.R. §§ 542.14, 542.15, and 542.18. Once the prisoner has fully completed all these steps, he may then file an action in federal court.

Here, it is clear from Scoggins's submission that he has not yet fully completed the BOP's administrative grievance process. In fact, Scoggins himself acknowledges that he only filed his appeal to the Regional Director on September 16, 2024, the same day he signed his § 2241 petition. [*See* R. 1 at 2, 8; R. 1-2 at 5; R. 1-3 at 5]. Scoggins also admits that his administrative appeal remains pending. [R. 1 at 2]. Until Scoggins fully completes *all* the steps described above, he has not fully exhausted his administrative remedies. And while Scoggins suggests that administrative exhaustion is not required, the United States Court of Appeals for the Sixth Circuit has made it clear that, in fact, "[f]ederal prisoners *must* exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Since Scoggins has neither fully completed the exhaustion process nor identified any legal authority that would justify excusing the exhaustion requirement in his case, the Court will deny his habeas petition at this time. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. 2017) (making it clear that, "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense.").

Accordingly, it is **ORDERED** as follows:

1. Scoggins's current petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE** to his right to file a new action once he has *fully* exhausted his administrative remedies.

2. All pending motions are **DENIED** as moot.

3. This civil action is **STRICKEN** from the Court's docket.

3

4. The Clerk's Office is **DIRECTED** to send Scoggins the following blank forms which he may eventually use to file a new § 2241 action (if necessary):

    a. an E.D. Ky. 521 Petition for a Writ of Habeas Corpus Under § 2241 Form;

    b. an AO Application to Proceed in District Court Without Prepaying Fees or Costs; and

    c. an E.D. Ky. 523 Certificate of Inmate Account Form.

5. The Court will enter a corresponding Judgment.

This the 24th day of September, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY